### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **JOHN DANIEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.: 5:10-00067** |
| | ) |
| **WEST VIRGINIA DEPARTMENT** | ) |
| **OF STATE POLICE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### O R D E R

Pending before the Court is Defendant Colonel T. S. Pack's Motion to Compel (Document No. 10.), filed on June 7, 2010. The Motion seeks answers and responses from Plaintiff, John Daniel, to Defendant Colonel T. S. Pack's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, which were served on Plaintiff on April 12, 2010. (Document Nos. 9 and 10 at ¶ 1.) Plaintiff has not responded to the Motion.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or Request for Production, the discovering party may move for an Order compelling the answer or production. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Defendant T. S. Pack asserts that Plaintiff has completely failed to respond to his first set of discovery requests. (Document No. 10 at ¶ 2 and 3.) The docket reflects, as stated above, that Defendant T. S. Pack served his First Set of Interrogatories and Requests for Production of Documents on Plaintiff on April 12, 2010. (Document No. 9.) Counsel for Defendant T. S. Pack

asserts that he "attempted to resolve this issue without the necessity of court intervention." (Document No. 9 at ¶ 2.) Defendant T. S. Pack seeks an Order compelling Plaintiff to respond to his first set of discovery requests and an award of costs and fees associated with presenting this Motion. (Document No. 9.) The Court notes that on June 17, 2010, Plaintiff filed a Certificate of Service, which indicated that his Answers to Colonel T. S. Pack's first set of discovery requests were served on June 16, 2010. (Document No. 11.)

Based on the foregoing, the Court finds that Defendant T. S. Pack has complied with Rule 37, and there being no objection by Plaintiff, hereby **ORDERS** that the Motion to Compel (Document No. 10.) is **GRANTED**, but finds by virtue of Plaintiff's Answers filed on June 17, 2010, and the lack of a supplemental Motion by Defendant T. S. Pack, that the request for an Order compelling Answers **is moot**.

Defendant T. S. Pack further requests sanctions under Rule 37. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, provides as follows:

> If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>     (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (Emphasis added).

Having granted the Motion to Compel, and Defendant having requested attorney's fees in connection with the Motion, the Court **ORDERS** Plaintiff, should he wish to be heard regarding sanctions, to file with the Court **within 10 business days** of the entry of this Order a Memorandum

explaining why his nondisclosure was substantially justified or why an award of attorney's fees would be unjust. The Court further **ORDERS** Defendant to file an itemized statement of the costs and fees associated with this Motion **within 10 business days** of the entry of this Order. The Court will regard the failure of counsel to file their respective documents by the prescribed date their forbearance and/or assent as the case may be.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Irene C. Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send copies of this Order to counsel of record.

ENTER: January 7, 2011.

R. Clarke VanDervort
United States Magistrate Judge